J-S04044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :                PENNSYLVANIA
                                            :

                  v.                                   :
                                            :
                                            :

GERALD BENNETT                          :
                                            :

               Appellant                      :       No. 974 EDA 2021

Appeal from the PCRA Order Entered April 1, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003014-1999

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 11, 2022**

Appellant, Gerald Bennett, appeals from the Order entered in the Court of Common Pleas of Delaware County dismissing his patently untimely serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing pursuant to Pa.R.Crim.P. 907.  Herein, he contends his claim qualified for review under the newly-discovered fact exception to the PCRA's one-year time-bar.  We affirm.

This Court has previously set forth the underling facts and procedural history of Appellant's case, as follows:

> [Appellant]'s arrest and conviction arose from an incident that occurred in late August of 1999.  At the time, [Appellant] was living with R.L. and her minor daughter, A.L., in a small apartment.  On the night of August 31, 1999, R.L. returned to the apartment from her job as a waitress at approximately 9:30 to 10:00

---

[*] Former Justice specially assigned to the Superior Court.

p.m. Already at the apartment were A.L., [Appellant], and a man named Al. After telling A.L. to clean the apartment, and following the 10 o'clock news, R.L. left the apartment. A.L. watched some television and went to sleep in the apartment living room. R.L. returned to the apartment once around 11:00 p.m., but then left again.

At approximately 2:55 a.m., A.L. heard her mother, R.L., and [Appellant] hollering and laughing. A.L. saw her mother, and though she could not see [Appellant], she recognized his voice. R.L. and [Appellant] entered the apartment. [Appellant] went into his room or the bathroom, and R.L. went to recline on the living room couch as if she were going to sleep. At that point, A.L. told her mother that she would see her in the morning, and moved from the living room to her bedroom to sleep, closing the door behind her.

A.L. was awakened at approximately 6:30 a.m. by [Appellant], who was on top of her. [Appellant] put a kitchen knife to A.L.'s throat and told her to "get up." [Appellant] moved A.L. into his room. He then told her that her mother, R.L., was dead and tied up.

[Appellant] then ordered A.L. to remove her clothes; when she complied, he forcefully had sex with her [after taking a jar of Vaseline petroleum jelly from a nearby table and placing some of the contents in her vagina.] Following an unclear period of time, [Appellant] again forcefully had sex with A.L.

Following the second instance of [Appellant] forcefully having sex with A.L., [Appellant] again told A.L. that her mother was dead and tied up and told A.L. to call her mother if she did not believe him. A.L. began calling her mother, [Appellant] joined in but there was no response. A.L. did not try to leave the room because she was afraid.

[Appellant] then told A.L. that he was going to let her go, so she ran into her living room, taking her clothes with her. [Appellant] followed A.L. into her room. Following an unclear period of time spent in A.L.'s

room, A.L. asked to see her mother. [Appellant] made A.L. promise that she would not scream when she saw her mother and then permitted her into the living room.

A.L. apparently found her mother on the living room couch. Shocked to sickness at her mother's appearance, A.L. ran out the back door of the apartment. A.L. ran down an alley screaming and ultimately came across an employee of a local establishment, who contacted the police.

*Commonwealth v. Bennett*, No. 3399 EDA 2001, unpublished memorandum at 1–2 (Pa.Super. filed April 28, 2003).

On July 20, 2000, after a four-day trial, a jury convicted Appellant of third-degree murder and two counts of rape. Following several continuances, on July 16, 2001, Appellant was sentenced to an aggregate term of 40 to 80 years' incarceration. Appellant filed a timely post-sentence motion, which the court denied on October 5, 2001.

Appellant filed an appeal to this Court, which affirmed his judgment of sentence on April 28, 2003. He subsequently sought allowance of appeal, which our Supreme Court denied on November 12, 2003.

On January 12, 2004, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA). Counsel was appointed, and filed an amended petition, which included, *inter alia,* a request for DNA testing of hairs and/or blood found on a sheet under R.L.'s body. The court dismissed the petition without a hearing on February 22, 2005. This Court affirmed on April 18, 2006, and our Supreme Court denied review on August 29, 2007. Appellant filed a second request for DNA testing under the PCRA on May 17, 2010 and a supplemental motion on June 7, 2010. The court denied the petition, on July 30, 2010.

On July 25, 2011, Appellant filed a "motion to dismiss for lack of subject matter jurisdiction" that the court treated as a third PCRA petition. The petition was denied on September 6, 2011.

On January 31, 2014, Appellant filed a "Petition for Modification of Rule 105," in which he raised a claim that if the Commonwealth

had performed DNA testing on the jar of Vaseline that was introduced into evidence, he would have been exonerated. The court dismissed the petition on June 23, 2014, and Appellant did not file an appeal.

On September 22, 2014, Appellant filed a motion seeking the release of the results of tests conducted on the jar of Vaseline found in his bedroom, asserting that the Commonwealth violated his due process rights by withholding the results. The [PCRA] court denied the motion on September 25, 2014, [and Appellant appealed.]

***Commonwealth v. Bennett***, No. 3281 EDA 2014, 2015 WL 6737495, at *1–2 (Pa. Super. Ct. Aug. 4, 2015).

This Court affirmed the PCRA court's order denying relief, as we found Appellant had waived his claim for failing to raise it either at trial or in his previous three PCRA petitions. In the alternative, we observed that even if the claim were timely, his argument that the release of test results would exculpate him of the rape convictions was without merit. Specifically, we noted:

There was ample evidence at trial, regardless of the results of a fingerprint analysis performed on the Vaseline jar, to convict Appellant of two counts of rape. The victim, A.L., testified that she was awakened by Appellant laying on top of her, was threatened with a knife to remove her clothing, and was raped twice on the morning of August 31, 1999. N.T. Trial, 7/18/00, at 72, 74, 80–81, 106, 133–34. The doctor, who examined A.L. immediately after she was held captive and raped in her home, corroborated A.L.'s testimony as to the details of the two instances of rape she experienced. N.T. Trial, 7/19/00, at 90. The doctor also testified that A.L. exhibited injuries consistent with forceful penetration of the vagina. ***Id.*** at 94. This evidence is sufficient to sustain Appellant's convictions for rape.

***Id.*** at *4.

In this patently untimely serial PCRA petition, Appellant raised a newly discovered fact claim alleging that A.L. kept a diary in which she made an entry, at some time prior to the murder at issue, stating that she wished her mother was dead. In a 2020 interview with Appellant's investigator, A.L. admitted to the entry but denied its significance, stating simply, "Never meant it. Said it in frustration." Report of Investigation, 2/3/20, at 4 (unpaginated).

On January 4, 2021, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss this patently untimely petition without a hearing for want of jurisdiction in the absence of an applicable exception to the one-year time-bar. Appellant requested additional time beyond the statute's prescribed 30-day period to file his response to the Rule 907 Notice, and the court extended the deadline to March 31, 2021. On April 1, 2021, having received no response from Appellant, the court entered an order dismissing the petition without a hearing. This timely appeal followed.

Appellant presents the following issue for our consideration:

> Did the PCRA Court err by dismissing [Appellant's] PCRA petition without a hearing where he adequately pleaded the newly discovered evidence exception to the time bar?

Appellant's brief at 2.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted).

"[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "A second or subsequent request for PCRA relief will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii)[1] of the PCRA, and (2) files a petition raising this

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

*(Footnote Continued Next Page)*

exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained that Section 9545(b)(1)(ii), providing an exception for newly-discovered facts,

> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the facts upon which the claim is predicated were unknown to him and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection."

*Commonwealth v. Brown*, 111 A.3d 171, 176-177 (Pa. Super. 2015) (quoting *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original)).

Here, the PCRA court based its determination to dismiss Appellant's petition without a hearing pursuant to Rule 907 on two reasons. First, the court determined Appellant failed to plead and prove why he could not have conducted his investigation into A.L. and discovered the existence of A.L.'s diary sooner than 21 years after his conviction, as he lived with A.L. and her mother for some time prior to the incident at issue and she was the only other person in the apartment on the night of R.L.'s murder. Accordingly, the court

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

- 7 -

concluded Appellant failed to satisfy the due diligence requirement that he present the claim within one year of the date it could have been presented.

Second, the PCRA court maintained that even if it were to deem Appellant's serial petition timely, dismissal without a hearing under Rule 907 was warranted because Appellant's claim failed to present a strong *prima facie* showing that a miscarriage of justice may have occurred. On this point, the PCRA reasoned that A.L.'s testimony, the physical evidence of her rape and her mother's violent murder on the same night, and the expert medical evidence substantiating A.L.'s account were all accepted by a jury despite zealous cross-examination, and they were subsequently upheld on direct and collateral appeals.

We find no error with the PCRA court's determination in this regard. Addressing whether Appellant exercised due diligence in filing the present petition based on A.L.'s alleged diary entry, we note it is undisputed that 21 years have passed between the time of the crimes at issue and the time he raised this newly-discovered fact as an exception to the time-bar.

In Appellant's brief, he offers only the summary statement that "[o]n or around February 5 2020, Bennett received an investigative summary from a private investigator who interviewed A.L. Therein, A.L. acknowledged writing in her diary that she wished her mother was dead prior to the murder. She also denied telling anyone that Appellant confessed to strangling her mother with her bra." Brief of Appellant at 4-5. Nowhere in Appellant's brief,

- 8 -

however, does he explain what prompted this new investigation of the only other person in the apartment on the night of R.L.'s murder or why it could not have been conducted any earlier than two decades after his conviction.

Even assuming the petition were timely, the PCRA court maintains, dismissal without a hearing under Rule 907 was warranted where Appellant's proffer lacks materiality when viewed against the ample weight of the evidence against him, as has been previously addressed by the trial court and confirmed by this Court on direct appeal. We agree.

The touchstone of materiality is whether there is a reasonable probability that the introduction of favorable evidence at trial would have resulted in a different outcome. *Commonwealth v. Willis*, 46 A.3d 648, 670 (Pa. 2012) (citation omitted). The mere possibility that an item of information might have helped the defense, or might have affected the outcome of the trial, does not establish its materiality. *See Commonwealth v. Natividad*, 200 A.3d 11, 26 (Pa. 2019) (discussing materiality standard in context of *Brady* claim).

As discussed, not only did the evidence against Appellant include A.L.'s detailed testimony of how Appellant raped her repeatedly at knifepoint while telling her he had tied up and killed her mother just moments earlier, it also comprised physical evidence substantiating her account of her rape and her nauseous reaction to viewing her slain mother, expert testimony that A.L.'s injuries were consistent with rape, and eyewitness testimony of her frantic,

grieving cries for help as she ran from her apartment house and collapsed when a neighbor approached.

We have previously viewed this record as overwhelming evidence of Appellant's guilt. Our 2015 decision noted that ample evidence supported Appellant's conviction for rape even if we assumed, arguendo, that someone else's DNA or fingerprints may have been recovered from the Vaseline jar at the scene. Similarly, our 2003 memorandum decision affirming judgment of sentence rejected Appellant's challenge to the weight of the evidence.

Therefore, we agree with the PCRA court's assessment that Appellant's serial petition neither qualified under an exception to the time-bar nor, assuming arguendo it were timely, presented a material claim for relief warranting a hearing based on an allegation that a thirteen year-old girl once secretly wished in her diary that her mother were dead. Accordingly, we discern no error with the court's order dismissing Appellant's petition pursuant to Rule 907.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022